### TRIBBLE v. POORE.

1. Where a married woman gives a mortgage of her separate estate as surety for another's debt, and then a second mortgage in satisfaction of the first, this mortgage is not in reference to the mortgagor's separate estate, and therefore is invalid; and the second mortgagee having knowledge of these facts, there is no estoppel.
2. The second mortgage was also invalid because the first mortgage was satisfied with the money of the principal debtor, and because the second mortgage was never delivered.
3. A conclusion of fact reached by the Circuit Judge from written testimony reported to him, disapproved.
   Mr. Justice McGowan, *dissenting.*

Before PRESSLEY, J., Abbeville, October, 1887.

This was an action by J. L. Tribble, as assignee of W. M. Cooley, and by G. E. Prince, as agent of creditors, against Mary A. Poore. The opinion states the case.

*Messrs. Graydon & Graydon,* for appellants.

*Mr. Eugene B. Gary,* contra.

January 3, 1889. The opinion of the court was delivered by

Mr. Justice McIver. This was an action to foreclose a mortgage of real estate executed by the defendant to the said William M. Cooley. The defence was of a twofold character:

1st. That the mortgage in question, when signed, was left in the possession of. a third person, B. D. Kay, to be delivered to said William M. Cooley only when he had paid a prior mortgage executed by defendant to Robertson, Taylor & Co., on the 20th of February, 1883, and that such prior mortgage had never in fact been paid by said William M. Cooley. 2nd. That at the time of the execution of both of said mortgages the defendant was and still is a married woman, the wife of one A. J. Poore, and that neither of the debts purporting to be secured by said mortgages being contracts in reference to her separate estate, they cannot be enforced.

It appears that for some time prior to December, 1883, the said A. J. Poore and one D. K. Cooley, the son of said William M. Cooley, were engaged in mercantile business as partners, under the name and style of Cooley & Poore, and that the above mentioned mortgage to Robertson, Taylor & Co. was given to secure advances to be made to that firm. The partnership of Cooley & Poore was dissolved in December, 1883, when the debt for advances due to Robertson, Taylor & Co. amounted to $470.-44. In January, 1884, a new partnership was formed between William M. Cooley and D. K. Cooley, under the name of William M. Cooley & Son, which was dissolved in August of that year, when D. K. Cooley bought out the interest of William M. Cooley and assumed the liabilities of the concern. The balance due to Robertson, Taylor & Co. was paid in the fall of that year, and their mortgage was satisfied, but by whom this payment was made is a matter of controversy, the plaintiffs contending that such payment was made by William M. Cooley, while the defendant contends it was made by D. K. Cooley, who, as one of the firm of Cooley & Poore, was primarily liable for the debt. There is no doubt, however, that the money was in fact paid by D. K. Cooley, though whether with his own funds or those of his father, is a matter of controversy, and the mortgage sought to be foreclosed in this proceeding was delivered to him by B. D. Kay, and he subsequently turned it over to the plaintiffs.

The Circuit Judge found as matter of fact that the mortgage now in question was signed by the defendant and placed in the hands of B. D. Kay "to be held by him until W. M. Cooley or

W. M. Cooley & Son paid the amount then due by Cooley & Poore to Robertson, Taylor & Co.," secured by the mortgage to them; but if said indebtedness was paid by Mrs. Poore or her husband, then Kay was to return the mortgage to Mrs. Poore. He also found "that W. M. Cooley or W. M. Cooley & Son paid the indebtedness of Cooley & Poore to Robertson, Taylor & Co., and that the note and mortgage executed by the defendant, Mary A. Poore, in favor of W. M. Cooley was duly delivered and that the plaintiffs are now the lawful owners and holders thereof." But he also found that Mrs. Poore was a married woman at the time she executed the note and mortgage in question, and that the same was not a contract in reference to her separate estate, because "the execution of a note and mortgage to indemnify a person for payment of a previous mortgage on her property, which was given to secure the indebtedness of another person, and therefore null and void, is not a contract with reference to or for the benefit of her separate property, and therefore such second mortgage is null and void." He furthermore found that Mrs. Poore "had no connection whatever with the furnishing of supplies to her husband; that she did not order the same, and her property cannot be made liable for the payment thereof." Accordingly judgment was rendered dismissing the complaint.

From this judgment plaintiff appeals upon the several grounds set out in the record, which need not be repeated here; and the defendant also excepts to the findings of fact by the Circuit Judge in reference to the payment of the debt to Robertson, Taylor & Co.

The plaintiff's grounds of appeal present substantially the single question whether defendant is estopped from denying that the contract evidenced by the note and mortgage sued on was a contract in reference to her separate estate. There can be no doubt that the debt which the mortgage to Robertson, Taylor & Co. purported to secure was not a debt of Mrs. Poore, and was not a contract in reference to her separate estate, her sole connection therewith being as surety or guarantor for Cooley & Poore, and hence, under the law as settled by the case of *Aultman* v. *Rush* (26 S. C., 517), and the several cases following that decision, she incurred no legal liability thereon. And there can be as little

doubt that this was well known to W. M. Cooley and all parties concerned at the time the mortgage now in question was exe-cuted, for the mortgage to Robertson, Taylor & Co. shows on its face that it was given solely for the purpose of securing the debt of third persons.    This being so, we see no room for an estoppel. There was no false representation made to W. M. Cooley where-by he was induced to assume a responsibility which he would not otherwise have done.    He knew all the facts just as well as Mrs. Poore did, and if he made a mistake of judgment as to the legal effect of the facts, she is in no wise responsible therefor.    He must take the consequences of his own mistaken judgment as to a matter of law, just as every one else is required to do.    It does not appear that Mrs. Poore represented to him that the debt which he undertook to assume arose out of a contract in reference to her separate estate; in fact, so far as the evidence discloses, she made no representation to him of any kind.    And if she had, he could not have been deceived or misled thereby, for the mort-gage which he undertook to satisfy plainly showed on its face that it was not given to secure the performance of a contract in reference to her separate estate.    We agree therefore entirely in the conclusion reached by the Circuit Judge, that the contract in question can, in no sense, be regarded as a contract in reference to the separate estate of the defendant, Mrs. Poore, and that she is not bound thereby.

In addition to this, we think that the testimony leaves the question of fact at least in doubt, as to whether the debt to Rob-ertson, Taylor & Co. was paid by W. M. Cooley or with his funds, or whether it was not really paid by D. K. Cooley, one of the parties who was primarily liable therefor.    The testimony shows that when the firm of Cooley & Poore was dissolved, its assets were sufficient to pay all the debts, including that to Rob-ertson, Taylor & Co., and why resort should have been had to other assets to pay that debt does not appear.    Again, it ap-pears that when the firm of W. M. Cooley & Son was dissolved, D. K. Cooley bought out the interest of his father and assumed the payment of all the liabilities of that concern, and the debt to Robertson, Taylor & Co. was not paid until after that dissolu-tion, and was then, in fact, paid by D. K. Cooley, though it is

alleged that such payment was made with funds furnished by W. M. Cooley, but the testimony to that effect is far from clear. It does appear, however, that when the firm of Cooley & Poore was dissolved that D. K. Cooley claimed that Poore was indebted to the concern in about the amount due to Robertson, Taylor & Co. for supplies furnished to him, but for which the Circuit Judge has found that Mrs. Poore was not responsible, and, from a review of all the testimony in the case, we are inclined to think that the real object was to secure that indebtedness under the mortgage of Mrs. Poore to W. M. Cooley. It seems to us, therefore, that in no view of the case can Mrs. Poore be held liable on the mortgage sought to be foreclosed in this action.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE SIMPSON concurred.

MR. JUSTICE McGOWAN dissented.